IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEENAN COOPER,** | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| | :    NO. 10-5356 | |
| | : | |
| **BIOMAT USA,** | : | |
|     Defendant | : | |

### M E M O R A N D U M

**STENGEL, J.**                                                                                    August 31, 2011

Plaintiff Keenan Cooper has brought this employment discrimination case against Defendant Biomat USA, his former employer, alleging violations of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.  The defendant has filed a motion to dismiss pursuant to Rules 37(d)[1] and 41(b)[2] of the Federal Rules of Civil Procedure.  For the following reasons, I will grant the motion in its entirety.

### I. BACKGROUND

Keenan Cooper is an African-American male who worked as a phlebotomist with the defendant from September 2008 to April 2009.  Both parties are citizens of Reading, Pennsylvania.  On April 18, 2009, Mr. Cooper was stuck in a traffic jam on his way to work.  He called work to say that he would be late because of the traffic.  Nevertheless, when he arrived, Mr. Cooper's employment was terminated because of his tardiness.

The complaint alleges that this treatment was discriminatory when compared with

---

[1] Rule 37(d)(1)(A)(i) provides that the court where the action is pending may, on motion, order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition.

[2] Rule 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court Order, a defendant may move to dismiss the action or any claim against it.

the treatment received by his white counterparts who are often late but never disciplined. Also, Mr. Cooper alleges that jokes about African Americans abound at the workplace, complete with the use of racial epithets, without consequence to the offenders despite complaints by the plaintiff and other African American employees.

Mr. Cooper also alleges that while employed with the defendant, he was held to a different standard than white employees. He alleges that his termination for tardiness was a pretext to the reality of it being as a result of his complaints about racial discrimination.

## II.  STANDARD OF REVIEW

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim "if the plaintiff fails to prosecute or to comply with these rules or a court Order." Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). In determining whether dismissal is appropriate, a court considers: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling Orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d

863, 868 (3d Cir. 1984).  A court may dismiss an action pursuant to Rule 41(b) *sua sponte*.  Caterbone v. Lancaster County Prison, 293 Fed. Appx. 867 (3d Cir. 2008).

**III.  DISCUSSION**

In this case, the Poulis factors weigh heavily in favor of dismissal, although not all of these factors need be met for a district court to find that dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  First, the plaintiff is solely responsible for the prosecution of this action.  On April 28, 2011, I granted counsel's motion to withdraw from representation of Mr. Cooper.  I gave Mr. Cooper sixty days within which to retain replacement counsel, or to decide if he would proceed *pro se*.  I further ordered Mr. Cooper to respond to the defendant's motion to dismiss within twenty days of new counsel's entry of appearance or, if proceeding *pro* se, to file the response by July 12, 2011.  See Document #17.  Mr. Cooper has not contacted the court.  No replacement counsel has entered an appearance to represent Mr. Cooper.  A response to the defendant's motion to dismiss has not been filed, and the time to file has long since passed.  Accordingly, only Mr. Cooper can be held responsible for his failure to obey the court's Order.

Second, certainly the defendant has been prejudiced by the plaintiff's unexplained failure to comply with the court's Order.  It has been affected by the prejudice inherent in attempting to defend a claim which has been stalled for months pending the plaintiff's finding replacement counsel or deciding to continue in the case *pro se*.

Third, the record also reflects a history of dilatoriness on the part of the plaintiff. The motion to dismiss outlines the difficulties the defendant has experienced in obtaining responses to discovery requests, including incomplete interrogatories, non-production of certain documents, and continued strong resistance to scheduling depositions.

Fourth, it is impossible to assign bad faith or willfulness to Mr. Cooper's conduct, especially when he has yet to contact chambers regarding his efforts in obtaining replacement counsel, his decision whether to proceed *pro se*, or whether he intended to respond to the motion to dismiss.

Fifth, while Poulis enjoins consideration of the effectiveness of sanctions other than dismissal, it is apparent that dismissal is the only reasonable alternative here.  Cases construing Poulis agree that when a *pro se* litigant fails to comply with rules or court Orders, lesser sanctions may not be an effective alternative.  See Briscoe v. Klaus, 538 F.3d 252, 262-263 (3d Cir. 2008); Emerson, 296 F.3d at 191. While Mr. Cooper has yet to request *pro se* status, he nevertheless is currently without the benefit of counsel, and is the sole person responsible for failing to file a response to the defendant's motion to dismiss.

Finally, the apparent lack of merit of these claims also weighs in favor of dismissal.  In their petition for leave to withdraw appearance as counsel, counsel for the plaintiff indicated that they could no longer continue as plaintiff's counsel because irreconcilable differences had arisen which would have substantially prejudiced plaintiff's representation if they were required to remain as counsel and because continued representation had been rendered unreasonably difficult by Mr. Cooper.

In conclusion, the majority of the <u>Poulis</u> factors support dismissing this case. Despite ample opportunity, the plaintiff has not informed the court whether he has retained replacement counsel or decided to continue in the case *pro se*. This delay has caused prejudice to the defendant who is left to defend a stalled and apparently meritless action. His failure to comply with the court's Order remains unexplained. Other sanctions would not be effective in this case. Accordingly, I will dismiss this case with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

An appropriate Order follows.